<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RUTH E. BUCK,** | Civil Action No. 12 – 1611 (ES) |
| **Plaintiff,** | <u>**OPINION**</u> |
| v. | |
| **THE CITY OF JERSEY CITY, ET AL.,** | |
| **Defendants.** | |

<u>**SALAS, DISTRICT JUDGE**</u>

This matter comes before the Court on a motion to dismiss Plaintiff Ruth E. Buck's Complaint. (D.E. No. 18). The motion, pursuant to Fed. R. Civ. P. 12(b)(6), is brought by the City of Jersey City, Nesle Rodriguez, Jay Yaker, Linda Aristando, Edward Coleman, Jane Doe, and John Doe ("Defendants"). Defendants contend that the Complaint should be dismissed because "Plaintiff's entire Complaint is a series of baseless allegations . . . and a series of legal conclusions pertaining to a § 1983 claim without any reference to the elements that would lead to that conclusion." (D.E. No. 27, Brief in Support of Defendants' Motion to Dismiss ("Def. Br.") at 19). Moreover, Defendants contend, "all [Defendants] enjoy some form of immunity from civil suit, either absolute immunity . . . or qualified immunity." (D.E. No. 28, Defendants' Brief in Response to Plaintiff's Opposition ("Def. Rep.") at 1).

The Court has considered the parties' submissions in support of, in opposition to, and in reply of the opposition to the instant motion. The Court rules on this motion without oral argument, pursuant to Fed. R. Civ. P. 78(b). Counts II, IV, and V, against Judges Nesle Rodriguez and John Doe, and Prosecutors Linda Aristando and Jay Yaker, are dismissed *with prejudice*. All other Counts are dismissed *without prejudice*.

1

**I. FACTUAL BACKGROUND**

Plaintiff is an owner and landlord of two houses—one three family house, one six family house—in Jersey City, New Jersey, though Plaintiff resides in Red Bank. (Compl. ¶ 8). The Director of Housing Code Enforcement for Jersey City, Defendant Edward Coleman, cited Plaintiff in 2009 for violation of a local ordinance that mandated that she provide heat to tenants. (Compl. ¶ 28). Pursuant to the citation, Municipal Prosecutors Linda Aristando and Jay Yaker, prosecuted Plaintiff in Jersey City Municipal Court. (Compl. ¶ 37). Municipal Judge Nesle Rodriguez presided over the proceeding. (Compl. ¶ 31). Judge Rodriguez found Plaintiff guilty and imposed a fine. (*Id.*). After Plaintiff unsuccessfully moved to vacate Judge Rodriguez's judgment, Plaintiff appealed to the Law Division of the New Jersey Superior Court. (Compl. ¶ 52). Plaintiff's appeal was denied, (Def. Br., Ex. A), and the New Jersey Appellate Division affirmed the dismissal, (Def. Br., Ex. B).

**II. DISCUSSION**

    **A. Legal Standard**

Fed. R. Civ. P. 8(a)(2) requires that a plaintiff advance a Complaint containing a "short and plain statement of the claim showing that the pleader is entitled to relief." But in order to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P 12 (b)(6), the plaintiff's pleading must "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff's use of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice" to nudge a claim across this line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

In evaluating whether a complaint has stated a claim to relief that is plausible on its face, the Court must accept all well pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). It is the moving party's burden to show that "the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). Further, complaints drafted by pro se plaintiffs should be construed more liberally than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B. Analysis**

Preliminarily, the Court notes that Plaintiff's Complaint is very unclear. Plaintiff lists fourteen sources of law under which she alleges her claims arise, some of which are inapposite. (*See* Def. Br. at 17–18). But because Plaintiff seeks "compensatory, monetary, special, exemplary and punitive damages," (Compl. at 17), having alleged what appear to be violations of constitutional rights, the Court, like Defendants, interprets Plaintiff's claims as arising under 42 U.S.C. § 1983.

**1. Count I**

Plaintiff alleges that a municipal court mediator named Jane Doe has perpetrated a "pattern of unlawful discrimination" against Plaintiff. (Compl. ¶ 16). However, Plaintiff offers no evidence of discrimination by Jane Doe, let alone a pattern of such discrimination. Plaintiff states only that Mediator Jane Doe "refused to allow a proper case to be instituted by the White Plaintiff against one, Spanish speaking William Rivera." (*Id.*).

Plaintiff's Complaint describes Jane Doe's behavior, but fails to show how the behavior violates any law. (*See* Compl. ¶ 18). Thus, Plaintiff has failed to meet the pleading standard set

forth in *Twombly* and *Iqbal*. Therefore, the claim against Defendant Jane Doe is dismissed *without prejudice*.

### 2. Count II

#### a. Prosecutor Linda Aristando

Plaintiff alleges that she "was deprived of her day in court by [a] purposely malicious prosecutor," Linda Aristando. (Compl. ¶ 20). Regardless of the veracity of this allegation, however, prosecutors enjoy absolute immunity to suit under § 1983 when acting within the scope of prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). The Supreme Court noted that "this immunity does leave the genuinely wronged defendant without civil redress against [*even*] a prosecutor whose *malicious* . . . action deprives him of liberty." *Id.* at 427 (emphasis added). The Supreme Court also has emphasized the importance of terminating attempted civil claims against prosecutors at the pleading stage, before discovery. *See, e.g.*, *id.* at 425 ("[S]uits that survived the pleadings would pose substantial danger of liability even to the honest prosecutor[,]" and "if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law."). Therefore, the claim against Defendant Linda Aristando is dismissed *with prejudice.*

#### b. Municipal Court Conviction

It is unclear whether this Count also contains a claim that Plaintiff was deprived of due process of law, and thus that her conviction in municipal court was unconstitutional. (Compl. ¶ 20) (Plaintiff alleges that she "was deprived of her day in court by [a] purposely malicious prosecutor."). Regardless, this Court cannot award damages, pursuant to § 1983, for an unconstitutional conviction unless Plaintiff "prove[s] that the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  Plaintiff has offered no evidence of any such conditions and, accordingly, has failed to meet the pleading standard set forth in *Twombly* and *Iqbal*.  Therefore, any claim for damages for an unconstitutional conviction is dismissed *without prejudice*.

### 3. Count III

Plaintiff alleges that Defendant Edward Coleman "initiated an unworthy criminal lawsuit" against Plaintiff.  (Compl. ¶ 28).  Plaintiff claims Coleman "seized upon the opportunity to condemn, get even with, and punish her for speaking out and criticizing, especially as female against him and male inspectors."  (Compl. ¶ 40).  To the extent that this part of the Count amounts to a claim that Plaintiff is entitled to damages for an unconstitutional conviction, *Heck*, cited *supra*, disposes of the claim.  Accordingly, the Court dismisses this claim *without prejudice*.

With respect to what seems like an alleged violation of equal protection, Plaintiff states that Coleman "heads a staff of inspectors believed to be all male."  (Compl. ¶ 13).  Plaintiff alleges that "[a]t one point [P]laintiff complained about sex discrimination" but Coleman "would answer no question as to the sex of his inspectors" and was "overly protective of the work of his male inspectors."  (Compl. ¶¶ 26–27).

But merely leading a staff of predominantly male inspectors and refusing to answer questions about the sex of those inspectors cannot plausibly support a claim of sex discrimination. Further, it is not at all clear what it means to be "overly protective of the work of his male inspectors" or according to what standard Plaintiff finds that Coleman was overprotective.  Though Plaintiff does claim she complained to Coleman about sex discrimination, that fact alone cannot

5

support a claim of sex discrimination. Plaintiff, accordingly, has failed to meet the pleading standard set forth in *Twombly* and *Iqbal*. Therefore, the claim against Defendant Edward Coleman is dismissed *without prejudice.*[1]

**4. Count IV**

Plaintiff alleges that the "bias of defendant [Judge] Nesle Rodriguez is highlighted by her abuse of discretion and purposeful and wrongful finding of guilt on February 23, 2009 accompanied by excessive fines and other punishment." (Compl. ¶ 31). Regardless of the veracity of this allegation, judges are absolutely immune to suit under § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting *maliciously and corruptly*." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (emphasis added). Judicial immunity is lost only when the Judge is acting outside judicial capacity or without proper jurisdiction. *Mireles,* 502 U.S. at 11–12. Plaintiff has offered no evidence that Judge Rodriguez (or Defendant Judge John Doe) has acted outside her judicial capacity or presided over the municipal trial without jurisdiction.

---

[1] The claim will not be dismissed with prejudice, despite Defendants' qualified immunity argument. (*See* Def. Br. at 12–14). The defense of qualified immunity extends to the actions of a state official only if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Plaintiff stated that her "Civil Action aris[es] out of . . . the Fourteenth Amendment." (Compl. ¶ 6). Plaintiff also stated that "[b]eing female [Plaintiff] is . . . discriminated against by the defendant Director of Housing Code Enforcement [Coleman]." (Compl. ¶ 8). The Fourteenth Amendment establishes a right against invidious discrimination on the basis of gender by an agent of the state. *See, e.g.*, *Reed v. Reed,* 404 U.S. 71 (1971). Defendant Coleman, therefore, is not clearly entitled to the qualified immunity defense.

Defendant Jersey City, on the other hand, could be liable for the allegedly discriminatory conduct of Coleman (or Jane Doe) if in acting discriminatorily, the Defendant was executing Jersey City "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978). Plaintiff has not pled facts sufficient to plausibly suggest that this is the case in this action. But because *Monell* leaves this possibility open, the Court does not dismiss, with prejudice, all claims advanced against the City of Jersey City.

To be clear, the doctrine of judicial immunity protects judges from charges of even malicious conduct because the existence of malice "ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles,* 502 U.S. at 11.  Judicial immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson,* 386 U.S. at 554.

Thus, the claims against Defendants Nesle Rodriguez and John Doe are dismissed *with prejudice*.

### 5. Count V

Plaintiff alleges that Prosecutor Jay Yaker "knowingly and unjustly and without basis in fact, recommended that the judge find plaintiff guilty and fine her the maximum fine of $1,250.00 per day."  (Compl. ¶ 34).  However, as previously discussed, prosecutors are absolutely immune to suit pursuant to § 1983, and the Supreme Court has expressed the need to protect prosecutorial efficiency by dismissing such suits at the pleading stage.  *Imbler*, 424 U.S. at 425 ("[S]uits that survived the pleadings would pose substantial danger of liability even to the honest prosecutor.").  Therefore, the claim against Defendant Jay Yaker is dismissed *with prejudice.*

### 6. Count VI

Plaintiff alleges that "[D]efendants Coleman, Rodriguez and Yaker conspired together to prosecute the plaintiff and find her guilty and levy heavy fines and other punishment because of their racial-religious and sex bias and for retaliation against her because she spoke out and criticized according to her constitutionally guaranteed right to do so."  (Compl. ¶ 37).  However,

7

as previously discussed, the claims against Judge Rodriguez and Prosecutor Yaker are dismissed *with prejudice*.[2]

> Count VI also alleges that
>
> Defendant Yaker offered to settle [the prosecution of the municipal ordinance violation] by having plaintiff pay half of the fine, giving no justification for the reduction[.] But after plaintiff chose to follow a certain appeal route and the matter was remanded, Mr. Yaker insisted on the higher amount of over $5,000.00. It is submitted that the increased amount was in retaliation.

(Compl. ¶ 54).

The Complaint further states that "when plaintiff sought to subpoena a key witness, tenant Filene Best, Judge Rodriguez quashed the subpoena." (Compl. ¶ 49). The Due Process Clause prohibits vindictive, retaliatory prosecution. *Bordenkircher v. Hayes*, 434 U.S. 357, 362 (1978). And The Sixth Amendment to the Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have compulsory process for obtaining witnesses in h[er] favor." *Faretta v. California*, 422 U.S. 806, 818 (1975).

Again, this part of Plaintiff's Complaint seems to allege the unconstitutionality of her conviction in municipal court. The Court has already decided that it will dismiss this part of the Complaint, *without prejudice*, pursuant to *Heck*:

> [The Supreme Court] hold[s] that, in order to recover damages for allegedly unconstitutional conviction . . . , a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

512 U.S. at 486–87 (citation omitted).

---

[2] As against Defendant Coleman, this portion of the Complaint appears to add an alleged violation of First Amendment Rights ("retaliation against [Plaintiff] because she spoke out") and an alleged violation of equal protection ("punishment because of [Defendants'] racial-religious . . . bias"), distinct from the alleged sex discrimination outlined in Count III. Though, as previously discussed, these claims plainly do not meet the pleading standard set forth in *Twombly* and *Iqbal*. Thus, as with Count III, the Court will dismiss aspects of Count VI that speak to equal protection and First Amendment violations against Defendant Coleman, *without prejudice*.

Plaintiff has not provided evidence supporting the existence of any such conditions in the instant action. To the contrary, when Plaintiff appealed her municipal court conviction, the Superior Court of New Jersey dismissed her appeal, (Def. Br., Ex. A), and the New Jersey Appellate Division subsequently affirmed the dismissal, (Def. Br., Ex. B).

### III. CONCLUSION

For these reasons, Defendants' motion to dismiss the Complaint is **GRANTED**. Counts II, IV, and V—as against Judges Nesle Rodriguez and John Doe, and Prosecutors Linda Aristando and Jay Yaker—are dismissed *with prejudice*. All other Counts—as against Director of Housing Code Enforcement Edward Coleman, Mediator Jane Doe, and Jersey City, but only to the extent that it could be liable for the conduct of Coleman or Doe—are dismissed *without prejudice*. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**